UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FRANK MUSOLINO**

     Plaintiff,

vs.                                        **Case No: 8:02-CV-2126-T-17EAJ**

**YESHIVAT BETH HILLEL OF KRASNA,**
**INC., YESHIVA MACHZIKEI HADAS**
**BELZ, CONSULTING ADMINISTRATIVE**
**AND PROFESSIONAL SERVICES, INC.**
**and SIMCHA ROTH**

     Defendants.

_____/

<u>**ORDER**</u>

Pending before the court is Plaintiff's **Second Motion to Compel and for Sanctions** (Dkt. 217), filed August 26, 2005.  In his motion, Plaintiff requests that the court compel Defendant Yeshiva Machzikei Hadas Belz ("YMHB") to respond to Plaintiff's First Request for Production of Documents in Aid of Execution and First Set of Interrogatories in Aid of Execution, and that the court award sanctions for attorney's fees incurred in filing the motion. Under Local Rule 3.01(b), M.D. Fla., and Rule 6(e), Fed.R.Civ.P., Defendant YMHB's response to Plaintiff's second motion to compel was due on September 15, 2005.  No response has been filed to date.

Plaintiff filed his initial motion to compel and for sanctions against Defendant YMHB on July 14, 2005.  (Dkt. 215). Defendant YMHB failed to respond to that motion, and the court ordered Defendant YMHB to produce the documents requested and provide

responses to interrogatories by August 25, 2005. (Dkt. 216).[1]  In the motion currently before the court, Plaintiff states that Defendant YMHB has not produced the discovery requested and, in doing so, has not complied with this court's order.  As noted above, Defendant YMHB has failed to respond to the second motion to compel, and is therefore deemed to have no objection to the relief Plaintiff requests.  See Local Rule 3.01(b), M.D. Fla.

Plaintiff's motion to compel is hereby **GRANTED**.  Defendant YMHB shall respond to Plaintiff's discovery and produce the documents requested and answers to interrogatories within twenty (20) days of the date of this order.

Considering that this is the second motion to compel Plaintiff has had to file for the same discovery materials, an award of sanctions is appropriate.[2]  Plaintiff's request for sanctions is therefore **GRANTED**.  The parties shall confer and make all reasonable efforts to stipulate to an agreed sum for the fees and costs associated with prosecuting the successful motion to compel.

---

[1]In the same order, the court denied Plaintiff's request for sanctions without prejudice.  (Dkt. 216).

[2]Where a motion to compel is granted, Rule 37, Fed.R.Civ.P., requires the court to grant the moving party reasonable expenses associate with making the motion, including attorney's fees, unless the court finds that the moving party did not first make a good faith effort to obtain the disclosure without court action, or that such an award would be unjust.  See Fed.R.Civ.P. 37(a)(4).  An award of sanctions is appropriate in this situation, as Plaintiff made a good faith effort to obtain the discovery before filing his second motion to compel and such an award is not unjust.

(Dkt. 217).   If the parties reach an agreement, Plaintiff shall inform the court of such agreement.   If the parties are unable to reach an agreed sum by October 3, 2005, Plaintiff shall file an affidavit detailing the reasonable attorney's fees and costs incurred in bringing the motion to compel (Dkt. 217).   Plaintiff is also directed to submit time sheets verifying the fees claimed. Defendant YMHB shall have ten (10) days to object to the fees outlined in Plaintiff's attorney's affidavits, and this court shall resolve any dispute in the amount of fees claimed by Plaintiff.

Accordingly, and upon consideration, it is **ORDERED** and **ADJUDGED**:

(1) Plaintiff's **Motion to Compel and for Sanctions** (Dkt. 217) is **GRANTED** consistent with the foregoing and is otherwise denied.

**DONE** and **ORDERED** in Tampa, Florida this 19th day of September, 2005.

ELIZABETH A JENKINS
United States Magistrate Judge

3