## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**FRANK MUSOLINO**

    Plaintiff,

vs.                                                                                       **Case No: 8:02-CV-2126-T-17EAJ**

**YESHIVAT BETH HILLEL OF KRASNA,
INC., YESHIVA MACHZIKEI HADAS
BELZ, CONSULTING ADMINISTRATIVE
AND PROFESSIONAL SERVICES, INC.
and SIMCHA ROTH**

    Defendants.
_____/

## ORDER

Pending before the court is Plaintiff's **Second Motion to Compel and for Sanctions** (Dkt. 227), filed November 3, 2005. In his motion, Plaintiff requests that the court compel Defendant Yeshiva Beth Hillel of Krasna, Inc. ("YBH") to respond to his Request for Production of Documents in Aid of Execution and First Set of Interrogatories in Aid of Execution, and that the court award sanctions for attorney's fees incurred in connection with the production of documents, the responses to interrogatories, and the motions to compel. (Dkt. 227 at 1). Under Local Rule 4.20, M.D. Fla., and Rule 6, Fed.R.Civ.P., Defendant YBH's response to Plaintiff's second motion to compel was due on November 21, 2005. As of the date of this order, no response has been filed. Since Defendant YBH has failed to respond to Plaintiff's second motion to compel and for sanctions, it is deemed to have no objection to the relief Plaintiff requests. See Local Rule 3.01(b), M.D. Fla.

Plaintiff filed his initial motion to compel and for sanctions against Defendant YBH on September 14, 2005. (Dkt. 219). Defendant YBH failed to respond to that motion, and the court ordered Defendant YBH to produce the documents requested and provide responses to

interrogatories by October 25, 2005. (Dkt. 223).[1] In the motion currently before the court, Plaintiff states that Defendant YBH has not produced the discovery requested and, in doing so, has not complied with this court's earlier order. As noted above, Defendant YBH has failed to respond to the second motion to compel and for sanctions, and is therefore deemed to have no objection to the relief Plaintiff requests. See Local Rule 3.01(b), M.D. Fla.

Plaintiff's motion to compel is hereby **GRANTED**. Defendant YBH shall respond to Plaintiff's discovery and produce the documents requested and answers to interrogatories within twenty (20) days of the date of this order.

Although Defendant YBH is appearing pro se, it is required to comply with discovery requirements and all other requirements of the Local Rules, M.D. Fla. and the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Defendant YBH's failure to comply with discovery requests and court orders subjects it to the same sanctions that would apply to any non-compliant litigant. See id. (pro se litigant that ignores discovery orders is subject to sanctions just like any other litigant).

Considering that this is the second motion to compel Plaintiff has needed to file for the same discovery materials, an award of sanctions is appropriate.[2] Plaintiff's request for sanctions is

---

[1] In the same order, the court denied Plaintiff's request for sanctions without prejudice. (Dkt. 223 at 2). In denying his first motion for sanctions without prejudice, the court left Plaintiff the option to revisit the issue of sanctions if Defendant YBH did not comply with the order to compel. Defendant YBH in fact did not comply with the order to compel. (See Dkt. 227).

[2] Where a motion to compel is granted, Rule 37, Fed.R.Civ.P., requires the court to grant the moving party reasonable expenses associate with making the motion, including attorney's fees, unless the court finds that the moving party did not first make a good faith effort to obtain the disclosure without court action, or that such an award would be unjust. See Fed.R.Civ.P. 37(a)(4). An award of sanctions is appropriate in this situation, as Plaintiff made a good faith

therefore **GRANTED**. The parties shall confer and make all reasonable efforts to stipulate to an agreed sum for the fees and costs associated with prosecuting the successful motions to compel. (Dkts. 219 and 227). If the parties reach an agreement, Plaintiff shall inform the court of such agreement. If the parties are unable to reach an agreed sum by December 21, 2005, Plaintiff shall at that time file an affidavit detailing the reasonable attorney's fees and costs incurred in bringing the motions to compel (Dkts. 219 and 227). Plaintiff is also directed to submit time sheets verifying the fees claimed. Defendant YBH shall have ten (10) days to object to the fees outlined in Plaintiff's attorney's affidavits, and this court shall resolve any dispute in the amount of fees claimed by Plaintiff.

It is **ORDERED** and **ADJUDGED**:

(1) Defendant YBH has failed to timely respond to Plaintiff's second motion to compel and for sanctions and therefore is deemed to have no objection to the relief Plaintiff requests. See Local Rule 3.01(b), M.D. Fla. Therefore, Plaintiff's **Second Motion to Compel and for Sanctions** (Dkt. 227) is **GRANTED**. Defendant YBH shall respond to Plaintiff's discovery and produce the documents requested and answers to interrogatories within twenty (20) days of the date of this order.

(2) Plaintiff's request for sanctions is **GRANTED**. Plaintiff and Defendant YBH shall confer and submit an agreed amount of fees and costs incurred in bringing the successful motions to compel (Dkts. 219 and 227) by December 21, 2005.

---

effort to obtain the discovery before filing his second motion to compel and such an award is not unjust.

**DONE** and **ORDERED** in Tampa, Florida this 7th day of December, 2005.

_____
ELIZABETH A JENKINS
United States Magistrate Judge