UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FRANK MUSOLINO**

    Plaintiff,

vs.                                                                      **Case No: 8:02-CV-2126-T-17EAJ**

**YESHIVAT BETH HILLEL OF KRASNA,
INC., YESHIVA MACHZIKEI HADAS
BELZ, CONSULTING ADMINISTRATIVE
AND PROFESSIONAL SERVICES, INC.
and SIMCHA ROTH**

    Defendants.
_____/

**ORDER**

Pending before the court are Plaintiff's **Motion to Fix Award of Sanctions** (Dkt. 236), filed December 23, 2006, and Plaintiff's **Motion for Contempt or Other Sanctions** (Dkt. 237), filed December 29, 2006.  Both motions were referred to the undersigned for disposition; the court shall address each in turn.

**I.   Motion to Fix Award of Sanctions**

Plaintiff requests that the court fix the amount of sanctions previously awarded by the court against Defendant Yeshiva Beth Hillel of Krasna, Inc. ("YBH").  Under Local Rule 3.01(b), M.D. Fla., and Rule 6(e), Fed.R.Civ.P., Defendant YBH's response to Plaintiff's motion was due on January 13, 2006.  As no response to this motion has been filed to date, Defendant YBH is deemed to have no objection to the motion or to the amount of sanctions Plaintiff requests.  See Local Rule 3.01(b) M.D. Fla.

Plaintiff filed his initial motion to compel and for sanctions against Defendant YBH on September 14, 2005.  (Dkt. 219).  Defendant YBH failed to respond to that motion, and the court

ordered Defendant YBH to produce the documents requested and provide responses to interrogatories by October 25, 2005. (Dkt. 223). The motion for sanctions was denied without prejudice at that time.[1] Defendant YBH did not comply with the order to compel and the court granted Plaintiff's second motion for sanctions on December 7, 2005. (Dkt. 233). The undersigned ordered the parties to stipulate to an agreed amount for the fees and costs associated with prosecuting the successful motions to compel. Id. If the parties were unable to agree, the undersigned ordered that Plaintiff submit an affidavit and time sheets verifying the fees claimed and notified Defendant YBH that it would have ten (10) days to object to the amounts claimed by Plaintiff. Id. at 3.

Plaintiff asserts that despite repeated attempts, counsel were not able to confer to agree on an amount for the costs and fees associated with the motions to compel. (Dkt. 236, Affidavit of Geoffrey Todd Hodges at 3). Plaintiff submitted with his motion an affidavit and time sheets verifying the hours spent on the motions to compel. (Dkt. 236, Attachments). Any objections by Defendant YBH to the fees claimed were to have been filed by January 10, 2006. No objections to the amount of fees claimed have been filed to date. Upon review of the affidavit and time sheets submitted by Plaintiff's counsel, the court finds that the hourly rate ($195) is customary and reasonable and the number of hours claimed for bringing the successful motions to compel (22.5 hours) is likewise reasonable.

As the opposition to the two motions was not justified and no other circumstances make an award of sanctions unjust, Rule 37, Fed. R. Civ. P., the court directs that Defendant YBH pay the

---

[1] In denying his first motion for sanctions without prejudice, the court left Plaintiff the option to revisit the issue of sanctions if Defendant YBH did not comply with the order to compel. (Dkt. 223 at 2). Defendant YBH in fact did not comply with the order to compel. (See Dkt. 227).

sum of $4,387.50 within 20 days of this order.

**II.      Motion for Contempt or Other Sanctions**

Plaintiff requests that an order of contempt be entered against Defendant YBH for failing to produce documents and respond to Plaintiff's First Set of Interrogatories in Aid of Execution. Under Local Rule 3.01(b), M.D. Fla., and Rule 6(e), Fed.R.Civ.P., Defendant YBH's response to Plaintiff's motion was due on January 17, 2006. As of the date of this order, no response has been filed. Defendant YBH shall **SHOW CAUSE** on **February 21, 2006 at 10:30 a.m.** why contempt or other sanctions under Rule 37, Fed. R. Civ. P., should not be imposed.

The court reminds Defendant YBH that although it is appearing pro se, it is required to comply with court orders and all other requirements of the Local Rules, M.D. Fla. and the Federal Rules of Civil Procedure, and its failure to do so could result in sanctions. See Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (pro se representation does not excuse a party from complying with court orders and with the Federal Rules of Civil Procedure).

It is **ORDERED** and **ADJUDGED**:

(1)     Plaintiff's **Motion to Fix Award of Sanctions** (Dkt. 236) is **GRANTED**. Plaintiff is awarded sanctions against Defendant YBH in the amount of $4,387.50, who shall pay that amount within 20 days of the date of this order.

(2)     Defendant YBH shall **SHOW CAUSE** on **February 21, 2006 at 10:30 a.m.** why contempt or other sanctions under Rule 37, Fed. R. Civ. P., should not be imposed for Defendant

YBH's failure to comply with this court's October 5, 2005 order (Dkt. 223) and December 7, 2005 order (Dkt. 233).

**DONE** and **ORDERED** in Tampa, Florida this 19th day of January, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge